**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4224**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFERY OKYERE, a/k/a Jeffrey Okyere,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cr-00159-LO-1)

Submitted: November 30, 2018                    Decided: December 11, 2018

Before KING, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, William G. Clayman, Special Assistant United States Attorney, J. Tyler McGaughey, Assistant United States Attorney, David A. Peters, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Okyere appeals his jury conviction for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(6), 846 (2012). Okyere's sole argument on appeal is that the district court abused its discretion in limiting his cross-examination of a coconspirator regarding the history and methods of a Mexican cartel known as Los Zetas. We affirm.

"We review for abuse of discretion a trial court's limitation on a defendant's cross-examination of a prosecution witness." *United States v. Kiza*, 855 F.3d 596, 603-04 (4th Cir. 2017) (internal quotation marks omitted). Although witnesses may be cross-examined to explore bias, "[a] trial judge has 'wide latitude' to impose reasonable limits on cross-examination to address concerns of prejudice, confusing the jury, relevance, and repetition." *Id.* at 604 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

We find no abuse of discretion in the district court's limitations on defense counsel's ability to cross-examine Okyere's coconspirator. There is no evidence in the record that the coconspirator knew of Los Zetas' reputation for violence or that he was afraid to provide information about his source of heroin within Los Zetas as a result of that reputation. To the contrary, the coconspirator testified that he provided police with all of the information that he had about his source and was not afraid to provide information against his source. Moreover, defense counsel's proffer to the district court offered nothing to connect the coconspirator's purported incentive to lie about his heroin source generally with any incentive to lie about Okyere specifically. Defense counsel's

2

proposed line of questioning was thus not relevant. *See Kiza*, 855 F.3d at 604 (holding district court did not abuse its discretion in limiting scope of cross-examination because "potential bias defense counsel sought to explore was speculative").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*